KENDALL ET AL. *v.* U.S. DISMANTLING COMPANY, APPELLEE;
AMERICAN CYANAMID COMPANY, APPELLANT.

[Cite as Kendall *v.* U.S. Dismantling Co. (1985), 20 Ohio St. 3d 61.]

(No. 84-1776—Decided November 27, 1985.)

*Bloom & Greene Co., L.P.A., Gordon C. Greene* and *Stephen K. Shaw,* for appellee.

*Millikin & Fitton, Stanley D. Rullman* and *William J. Desmond,* for appellant.

CLIFFORD F. BROWN, J.

### I

The first issue presented in this appeal is whether R.C. 2305.31 prohibits only those indemnity agreements in construction-related contracts whereby the promisor agrees to indemnify the promisee for damages caused by or resulting from the *sole* negligence of the promisee. We hold that this statute applies to such agreements regardless of whether the negligence is sole or concurrent.

R.C. 2305.31 provides in pertinent part:

"A covenant, promise, agreement, or understanding in, or in connection with or collateral to, a contract or agreement relative to the design, planning, construction, alteration, repair, or maintenance of a building, structure, highway, road, appurtenance, and appliance, including moving, demolition, and excavating connected therewith, pursuant to which contract or agreement the promisee, or its independent contractors, agents or employees has hired the promisor to perform work, purporting to indemnify the promisee, its independent contractors, agents, employees, or indemnities against liability for damages arising out of bodily injury to persons or damage to property *initiated or proximately caused by or resulting from the negligence of the promisee,* its independent contractors, agents, employees, or indemnities is against public policy and is void. * * *" (Emphasis added.)

Article 9 of the "Fixed Cost Dismantlement Contract" between appellant and appellee provides as follows:

"Subject to the terms and conditions of this contract, CONTRACTOR [appellee U.S. Dismantling] shall be liable for and protect, defend, indemnify and save CYANAMID, its officers, directors, and employees harmless against any and all claims, losses, demands, causes of action, and any and all related costs and expenses, of every kind and character (including reasonable attorneys fees) suffered by the parties hereto, their employees and/or any other person or corporation, on account of personal injuries or death, or damages to property occurring, growing out of, incident to, or resulting directly or indirectly from the performance by CONTRACTOR hereunder *whether such loss, damage, injury or liability is contributed to by the negligence of CYANAMID* or its employees and whether due to imperfections of any material furnished by CYANAMID, or by premises themselves or any equipment thereon, whether latent or patent, or from other causes whatsoever; *except that CONTRACTOR shall have no liability for damages or the costs incident thereto caused by the sole negligence of CYANAMID.*" (Emphasis added.)

Appellant argues that R.C. 2305.31 is ambiguous and unclear as to whether it applies only to agreements indemnifying a party from claims arising out of its *sole* negligence, or more generally to agreements absolving a party from claims arising from any negligence of whatever degree. Appellant contends that several considerations militate in favor of the "sole negligence" interpretation, and that therefore the courts below erred in refusing to enforce the indemnity clause at bar.

First, appellant submits that the legislature intended to limit the statute's application to agreements indemnifying a party from its sole negligence. Appellant points to a comment to Am. H.B. No. 489,[1] which enacted R.C. 2305.31, wherein it was stated that the statute would change Ohio case law which at that time permitted the enforcement of "hold harmless agreements" which require one party to pay for damages caused *solely* by the acts of the other party.[2] Appellant asserts that this commentary clearly supports its position that R.C. 2305.31 does not prohibit such agreements unless they purport to indemnify a party from the consequences of its sole negligence.

This argument is without merit. R.C. 2305.31 is not ambiguous as proposed by appellant. The language employed is clear. There is no basis whatsoever for construing the phrase "initiated or proximately caused by or resulting from the negligence of the promisee" as meaning only the *sole* negligence of the promisee. Legislative intent is determined primarily from the language of the statute itself. "Where the language itself clearly

---

[1] Am. H.B. No. 489.

[2] See Comment of the Senate Judiciary Committee to Am. H.B. No. 489 (136 Ohio Laws, Part II, 2631), effective November 19, 1975.

expresses the legislative intent, the courts need look no further." *Katz v. Dept. of Liquor Control* (1957), 166 Ohio St. 229, 231 [2 O.O.2d 54]. It is the duty of courts to give effect to the words used in the statute, not to delete words used or to insert words not used. *Wheeling Steel Corp.* v. *Porterfield* (1970), 24 Ohio St. 2d 24, 28 [53 O.O.2d 13]. The legislature could have inserted the word "sole" before the word "negligence" in the statute. It did not, and we cannot.

Furthermore, if appellant's proposition were to be accepted, an indemnity clause such as the one at bar would absolve the promisee of all liability if its negligence fell short of one hundred percent by any fraction, however small. Courts must presume that the legislature, in enacting a statute, intended a just and reasonable result. R.C. 1.47(C). Such a result as proposed by appellant would be neither just nor reasonable.

Appellant's plea that courts should enforce voluntary, arm's-length agreements between sophisticated commercial parties is also unavailing. R.C. 2305.31 clearly announces that agreements such as the one at bar are void as against public policy. The voluntariness of the agreement, or the equality of the parties' bargaining power, if such equality exists here, will not save an agreement that is statutorily void.

Therefore, we hold that R.C. 2305.31 prohibits indemnity agreements, in the construction-related contracts described therein, whereby the promisor agrees to indemnify the promisee for damages caused by or resulting from the negligence of the promisee, regardless of whether such negligence is sole or concurrent.

## II

The second question before this court in this appeal is whether the indemnity agreement at bar constitutes a waiver of appellee's statutory[3] and constitutional[4] immunity as an employer in compliance with Ohio workers'

---

[3] This immunity is codified in R.C. 4123.74, which provides:

"Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation directly to his injured employees or the dependents of his killed employees, whether or not such injury, occupational disease, bodily condition, or death is compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."

[4] See Section 35, Article II, Ohio Constitution, which provides in pertinent part:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workman's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any

compensation law. We hold that the agreement is insufficiently specific to be considered an effective waiver of this immunity.

Appellant contends that a complying employer such as appellee waives its statutory immunity from suit for injury arising out of employment by entering into an express general indemnity agreement. In appellant's view, no additional specific waiver of this particular immunity is required. We disagree.

The statutory and constitutional immunity granted to complying employers is crucial to workers' compensation law. The legislature granted this immunity to complying employers in exchange for their relinquishment of all their common-law defenses to claims of work-related injury. See *Goodman* v. *Beall* (1936), 130 Ohio St. 427-429 [5 O.O. 52]. This agreement is the backbone of the Ohio Workers' Compensation Act. We believe that before this immunity may be considered to have been waived, the waiver must be express, and must refer specifically to this particular immunity. Although express indemnity agreements worded in general terms may suffice for other purposes, we are not inclined to construe them as effective waivers of this immunity absent a clear evocation of the parties' intent to that effect. See *Davis* v. *Consolidated Rail Corp.* (1981), 2 Ohio App. 3d 475.

Further, our holding today is consistent with the well-established rule that "[c]ontracts of indemnity purporting to relieve one from the results of his negligence must be construed strictly." *Kay* v. *Pennsylvania RR. Co.* (1952), 156 Ohio St. 503 [46 O.O. 417], paragraph one of the syllabus.

Accordingly, we hold that an employer in compliance with the workers' compensation laws of this state does not surrender its statutory and constitutional immunity from suits arising out of employment absent an express and specific waiver of that immunity. A general agreement of indemnity with a third party which does not specifically express the employer's intent to waive this particular immunity is ineffective for that purpose.

Based on the foregoing, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

---

employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. * * *"