## MOORE

v.

## DAYTON POWER AND LIGHT COMPANY, Appellee; Energized Substation Service, Inc., Appellant.

[Cite as *Moore v. Dayton Power & Light Co.* (1994), 99 Ohio App.3d 138.]

Court of Appeals of Ohio,
Montgomery County.

No. 14482.

Decided Nov. 23, 1994.

Robert J. Fogarty and Andrew S. Pollis, for appellee.
William P. Farrall and Kenneth P. Abbarno, for appellant.

KERNS, Judge.

The plaintiff, Elliehue Moore, commenced this action against the Dayton Power & Light Company ("DPL"), claiming damages for injuries he sustained on July 23, 1989, while working for Energized Substation Service, Inc. ("ESS"), a company which specializes in painting towers and equipment at electrical substations. Specifically, Moore claimed that DPL was negligent in failing to de-energize the electrical lines near where he was working on the day of the accident.

Thereafter, DPL filed a third-party complaint against ESS for indemnification under a purchase order agreement and a general contract, and both DPL and ESS later filed motions for summary judgment on the third-party complaint.

On December 4, 1992, the common pleas court entered a written decision which disposed of the motions of DPL and ESS as follows:

"The record clearly shows that an inherent danger was present while plaintiff was working. It is also evident that reasonable minds can come to but one conclusion, that DP & L did not possess a superior knowledge of the dangers inherent with the power lines unknown to Energized. Finally, the record shows that DP & L should be granted summary judgment as there is no question of material fact that DP & L was not negligent in not de-energizing the power lines. For the reasons stated above, the court grants defendant DP & L's motion for summary judgment against plaintiff's claims.

"The court further finds that DP & L's partial motion for summary judgment against Energized and Energized's motion for summary judgment against DP & L are both moot in light of the above decision."

In addition, in the final sentence of the decision of December 4, 1992, the trial court noted that "this case remains pending regarding the amount of attorney's fees and costs pursuant to the contract between DP & L and Energized." Then, on February 16, 1994, the trial court entered a final judgment, which provides as follows:

"Third–Party Defendant Energized Substation [Service], Inc. (Energized) and Defendant Dayton Power and Light Company (DP & L) stipulate that DP & L has incurred $25,219.50 as of June 30, 1993, in fees and costs associated with the defense of the claims brought by Plaintiff Elliehue Moore (Plaintiff) and in prosecution of its Third–Party Complaint against Energized. Energized and DP & L further stipulate as to the reasonableness of this amount.

"It is therefore ordered, adjudged and decreed that judgment be and is hereby rendered in favor of DP & L, and against Energized, in the amount of $25,-219.50."

On March 10, 1994, ESS filed its notice of appeal from the order entered on December 4, 1992, and from the final judgment entered on February 16, 1994, but the plaintiff, Elliehue Moore, is not a party to the appeal.

Actually, this is the second round of a bout which began between the same contestants in Lorain County, Ohio, and the controlling issue then, as it is now, was whether ESS was contractually obligated to reimburse DPL for legal fees and costs incurred in defending a tort action brought by an ESS employee. See *Best v. Energized Substation Serv., Inc.* (Aug. 17, 1994), Lorain App. No. 93CA005737, unreported, 1994 WL 440471.

■ In *Best*, the court construed the indemnification language contained in the contract between ESS and DPL, and concluded that the indemnity provision was void as against public policy under R.C. 2305.31, and that ESS could not be required, therefore, to indemnify DPL for its sole or concurrent acts of negligence. In our opinion, the methodical analysis contained in *Best* as to the contract provision comports with the judgment of the Supreme Court of Ohio in *Kendall v. U.S. Dismantling Co.* (1985), 20 Ohio St.3d 61, 20 OBR 360, 485 N.E.2d 1047, and we agree that the indemnification language of the present contract is likewise void as against public policy.

■ However, we part from the Ninth District Court of Appeals in its interpretation of the language of the "hold harmless clause" contained in the purchase order agreement entered into between ESS and DPL. That clause provides as follows:

"ESS shall indemnify and save harmless [DPL] from any and all costs and expenses, including but not restricted to attorney's fees and court costs, arising from, caused by or incident or related to injuries or damages to property * * * or persons, * * * including, but not restricted to employees and agents of [ESS] in the performance of their duties or otherwise which may arise or be incident or related in any way to any of the work * * * to be performed or provided hereunder."

As we understand it, the language of the "hold harmless" provision does not purport to indemnify DPL against liability for damages arising out of bodily injury to persons, or damage to property, and the provision is therefore beyond the scope of R.C. 2305.31. Furthermore, the specific reference to legal fees and costs, as contained in the "hold harmless" provision of the purchase agreement, is beyond the scope of the immunity granted to employers under R.C. 4123.74. Likewise, the provision is unrelated to the constitutional immunity afforded to complying employers under the provisions of Section 35, Article II of the Ohio Constitution.

In holding that ESS was not required to indemnify DPL for legal fees and costs in the *Best* case, the Ninth District Court of Appeals relied heavily upon *Kendall,* which merely held at paragraph two of the syllabus that "[a]n employer in compliance with the workers' compensation laws of this state does not surrender its statutory and constitutional immunity from suits arising out of employment absent an express and specific waiver of that immunity." However, even the broad brush applied in the *Kendall* case does not cover a separate indemnity agreement which solely relates to costs and expenses.

Here, the separate "hold harmless" provision does not extend to indemnification for *damages arising out of injuries* as contemplated by R.C. 2305.31 and 4123.74, but is limited to indemnification for all costs and expenses, including attorney fees, which are an incident of or relate to any such possible damages. Manifestly, the two areas of indemnification are severable and different, as graphically illustrated by the facts of this case, and the Supreme Court of Ohio has held that an agreement to indemnify for legal fees and costs is enforceable. See *Allen v. Std. Oil Co.* (1982), 2 Ohio St.3d 122, 2 OBR 671, 443 N.E.2d 497; *Worth v. Aetna Cas. & Sur. Co.* (1987), 32 Ohio St.3d 238, 513 N.E.2d 253.

Accordingly, this court is of the opinion that the record reflects no prejudicial error, and particularly, we conclude that the Court of Common Pleas of Montgomery County did not err in granting judgment to DPL for the amount of the fees and costs incurred in the defense and prosecution of the action.

Upon motion, therefore, we would certify the judgment to the Supreme Court on the basis of conflict, but at this juncture, the judgment of the common pleas court will be affirmed.

*Judgment affirmed.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.