In an accelerated appeal, appellant, G.A. Fibbe Company, appeals the decision of the Brown County Court of Common Pleas to deny appellant's motion seeking reimbursement of attorney fees from appellee, Gil Ruehl Plumbing Company, pursuant to a hold harmless clause. We reverse and remand for a determination of attorney fees.
Appellant is a general contractor who entered into a contract with appellee for plumbing services. The contract included a hold harmless clause which stated as follows:
 Hold Harmless. Subcontractor [appellee] hereby indemnifies and agrees to protect and save harmless the owner, architect and builder [appellant] from any loss, expense, damage or suits including attorney's fees arising out of any claim or demand for damages for injury to persons or property arising directly or indirectly from operations carried on for the completion of the work, and at the subcontractor's own cost, expense and risk, shall defend any and all claims, suits or other legal proceedings that may be brought or instituted against any of them or any such claim or demand, any pay [sic] or satisfy any judgment that may be rendered against any of them in any such action, suit or legal proceeding.
Plaintiff, Michael Kemmeter, fell at the job site where appellee was working. Plaintiff sued appellant and appellee and a third defendant who was later dismissed. Appellant filed a cross-claim seeking to enforce the hold harmless clause included in the contract to which appellee and appellant had agreed. Plaintiff's case proceeded to trial. Appellant was granted a directed verdict. Appellee was found partially negligent and ordered to pay $1,500 in damages. After the trial, appellant filed a motion for attorney fees, seeking to enforce the hold harmless clause against appellee. In a judgment entry, the trial court denied the motion without explanation. Appellant filed a timely notice of appeal and presents one assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT, G.A. FIBBE COMPANY, WHEN IT DENIED ITS MOTION FOR ATTORNEYS' FEES AGAINST DEFENDANT, GIL RUEHL PLUMBING COMPANY.
We find appellant's assignment of error well-taken. Pursuant to R.C. 2305.31[1] and the Supreme Court of Ohio's holding inKendall v. U.S. Dismantling Company (1985), 20 Ohio St.3d 61, paragraph one of the syllabus, indemnity agreements in construction-related contracts where a promisor agrees to indemnify a promisee for damages caused by the negligence of the promisee are prohibited. However, indemnification agreements for legal fees and costs are generally enforceable.Worth v. Aetna Cas. Sur. Co. (1987), 32 Ohio St.3d 238, 241.
We agree that the hold harmless clause, read in toto, may violate R.C. 2305.31. However, appellant was not found negligent at trial. The application of the hold harmless clause to this case does not violate R.C. 2305.31 because appellee is not indemnifying appellant's negligence. See, e.g., Lewis v.Ohio Edison Company (Jan. 9, 1991), Mahoning App. No. 89 C.A. 150, unreported, at 8 (R.C. 2305.31 applies only to a situation where one party seeks to excuse his own negligence). But, see,Toledo Edison v. P W Printing Sandblasting Co., Inc. (Sept. 11, 1992), Lucas App. No. L-91-412, unreported, at 6 (holding that when evaluating an indemnification clause under R.C.2305.31, the first step "is an inquiry solely focused on the terms of the contract"). Instead, appellant is merely asking for reimbursement of the attorney fees utilized to defend itself against plaintiff's lawsuit. Upon remand, both parties should be given an opportunity to present evidence as to attorney fees.
Judgment reversed and remanded for a determination of attorney fees.
YOUNG and WALSH, JJ., concur.
[1] R.C. 2305.31 states in pertinent part:
 A covenant, promise, agreement, or understanding in, or in connection with or collateral to, a contract or agreement relative to the design, planning, construction, alteration, repair, or maintenance of a building, structure, highway, road, appurtenance, and appliance, including moving, demolition, and excavating connected therewith, pursuant to which contract or agreement the promisee, or its independent contractors, agents or employees has hired the promisor to perform work, purporting to indemnify the promisee, its independent contractors, agents, employees, or indemnities against liability for damages arising out of bodily injury to persons or damage to property initiated or proximately caused by or resulting from the negligence of the promisee, its independent contractors, agents, employees, or indemnities is against public policy and is void.