OPINION
Plaintiffs-appellants Mary Siekaniec and her husband appeal from summary judgment entered in favor of defendant-appellees Brecksville Shopping Center and its management company, the Snider Company, and plaintiff's employer, Caloh, Inc., and its employee doctors against her claims for injuries suffered when a sliding glass door at a receptionist's desk in a doctor's office unexpectedly fell on her head. Plaintiff-appellant claims that disputed issues of material fact precluded summary judgment. We find no merit to the appeal and affirm.
This is a premises liability case. Plaintiff Mary Siekaniec, who was working as a temporary receptionist for Caloh, Inc., suffered injuries when a plate-glass window fell from its frame, crashing down on her head while she was seated at her reception desk. Caloh, Inc. employs physicians for the purpose of providing medical-legal consultations. Caloh's offices were leased from The Snider Company/Brecksville Shopping Center which owns and manages the over-all premises.
Plaintiff's accident occurred on September 4, 1996, at approximately 1:00 p.m., while she was working as a temporary receptionist for Caloh, Inc. and its physicians through AmeriTemps. She testified that, prior to eating her lunch, she decided to close the reception window which was above and in front of her desk. She noted that the window was hard to close. She described, "you had to really push and it chugged along." About five minutes later, the window crashed down on top of her head, shattering and causing multiple injuries.
Plaintiff testified that she did not know what caused the window to fall on top of her; that the window was normally in an open position; and that it was very hard to close. She had previously reported the difficulty in closing the window to Michelle Koellner-Zellers, the owner of Caloh, Inc., the previous spring or summer. She stated that during her employment with Caloh, Inc., she had only closed the window twice. Plaintiff testified that as far as she knew, the window was still in its tracks when she closed it just prior to her accident.
Michelle Koellner-Zellers, the owner of Caloh, testified that defendant Snider Company was the party responsible for the construction and installation of the receptionist's wall and sliding plate-glass window. Koellner-Zellers testified that other receptionists had complained to her previously about difficulty with the sliding window and that she, on various occasions, complained to Snider Company, as landlord and owner of the premises, about the improperly functioning of the sliding plate-glass window. She stated that she presumed Snider Co. then fixed the window, as not long after her complaints, she noticed a new window was installed and there were no problems with closing it. She stated that from the time the window was repaired until the time of plaintiff's accident, there were no complaints about the window.
Plaintiff filed suit on January 25, 1997 against defendants for claims of negligence and premises liability. Defendants Brecksville Shopping Center and Caloh, Inc. filed indemnity cross-claims against each other.
The parties defendant filed several summary judgment motions against plaintiffs' claims and cross-motions against each other.
On October 5, 1998, the trial court granted defendants' motions for summary judgment, stating as follows:
 DEFT THE SNIDER CO. BRECKSVILLE SHOPPING CTR LTD'S MTN FOR SUMMARY JDGMT IS GRTD ALTHOUGH QUESTION OF FACT EXISTS AS TO WHETHER BRECKSVILLE SNIDER HAD A DUTY TO REPAIR OR MAINTAIN WINDOW, EVIDENCE EXISTS THAT THESE DEFTS, PRIOR TO PLTF'S ACCIDENT, REPLACED WINDOW TRACK IN RESPONSE TO CMPLNTS ABOUT WINDOW STICKING. PLTF HAS PRESENTED NO EVIDENCE THAT DEFTS WERE ON NOTICE THAT WINDOW WA STILL DEFECTIVE 
POTENTIALLY DANGEROUS AFTER DEFTS MADE INITIAL REPAIRS. MTN FOR SUMMARY JDGMNT OF DEFT CALOH, INC., GORDON ZELLERS, M.D. KIVA SHTULL, M.D., IS GRANTED. COURT FINDS THAT DEFT CALOH WAS PLTF'S EMPLOYER AT TIME OF INCIDENT W/I MEANING OF THE WORKER'S COMPENSATION ACT, AND IS THEREFORE IMMUNE FROM PLTF'S NEGLIGENCE CLAIMS PURSUANT TO O.R.C. 4123.74.
Plaintiffs timely filed their notice of appeal on November 4, 1998. Their sole assignment of error states as follows:
 I. BECAUSE THERE EXISTED GENUINE ISSUES OF MATERIAL FACT IN THE RECORD OF THE TRIAL COURT, THE COURT IMPROPERLY GRANTED SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS-APPELLEES.
Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105; Zemcik v. La PineTruck Sales Equipment (1998), 124 Ohio App.3d 581, 585. The Ohio Supreme Court recently restated the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70 as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 358-59.
We find that Caloh, Inc. and its member doctors are immune from liability pursuant to the workers' compensation statute, R.C.4123.74. R.C. 4123.74 states:
 No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94.
As the Ohio Supreme Court in Taylor v. Academy Iron Metal Co.
(1988), 36 Ohio St.3d 149, 150 held, "the law relieves a complying employer from common-law liability to anyone for damages suffered by an employee who is injured or killed in the course of employment, unless, of course, the injury or death was caused by intentional tortious conduct of the employer and the employee himself brings a common-law action against the employer." The injury suffered by the plaintiff occurred during work and she sued based on negligence. Therefore, Caloh is clearly immune under R.C. 4123.74. Plaintiff, in fact, admitted in her deposition that she has, in fact, applied for workers' compensation as a result of the accident. (Sierkaniec Depo. at 23).
We also find that the indemnity provision in Caloh's lease with Snider Company/Brecksville Shopping Center did not waive the immunity that the workers' compensation statute provides Caloh. Although the immunity afforded an employer by the workers' compensation statutes may be waived, such waiver must be expressed and constitute a specific waiver of that immunity.
 An employer in compliance with the workers' compensation laws of this state does not surrender its statutory and constitutional immunity from suits arising out of employment absent an express and specific waiver of that immunity. A general agreement of indemnity with a third party which does not specifically express the employer's intent to waive this particular immunity is ineffective for that purpose.
Kendall v. U.S. Dismantling Co. (1985), 20 Ohio St.3d 61, paragraph two of syllabus. The indemnity agreement that Caloh had with Snider Company/Brecksville Shopping Center in its lease states:
14. INDEMNIFICATION AND INSURANCE
 (a) Tenant will indemnify Landlord and save Landlord harmless from and against any and all claims, actions, damages, liability, and expense in connection with loss, damage, or injury to persons or property occurring in, or about, or arising out of the Premises, docks, or loading platforms, the use or occupancy or in part by an act or omission of Tenant, Tenant's agents, contractors, or employees.
This general indemnification clause does not specifically address the waiver of workers' compensation immunity. Therefore, absent such a specific waiver, Caloh was still afforded the immunity that the workers' compensation law provides. "Absent an express waiver that refers specifically to immunity arising from the workers' compensation statute and constitutional provision, an indemnification agreement between the employer of the injured person and a third party may not override the immunity."Pentaflex v. Express Services, Inc. (1998), 130 Ohio App.3d 209,215, citing Kendall, supra. See, also, Waddell v. LTV Steel Co.,Inc. (1997), 124 Ohio App.3d 350, 358 ("[W]e find that no portion of the indemnification clauses contains an express and specific waiver by RCR of its immunity under workers' compensation law. * * * Accordingly, RCR was immune from LTV and Rigby's action for indemnity and contribution"); Stalla v. The Ohio Bell TelephoneCo. (Mar. 15, 1990), Cuyahoga App. No. 56512, unreported, ("we find no express and specific waiver of workers' compensation immunity in the subject agreement * * *").
We find that Snider Company/Brecksville Shopping Center was also not liable for the plaintiff's injuries. Although there was evidence that complaints about the window sticking were made, Michelle Koellner-Zellers testified that subsequent to those complaints she called Snider to have the window repaired. Subsequent to the repair, she stated that the window was working well and that she received no complaints until the plaintiff was injured. Therefore, none of the defendants were put on notice that there was any problem. We agree with our statement of law inCrane v. Lakewood Hosp. (1993), 103 Ohio App.3d 129, 136, as pointed out by plaintiff: "When it is the property owner itself which creates the hazardous condition which causes the plaintiff's injury, then plaintiff need not show that the owner had knowledge or notice of the condition at issue." However, in the case herein, there is absolutely no evidence that the window tell due to negligent repair. In fact, there is no evidence at all as to why the window fell. Based on this lack of evidence as to who created the hazardous condition, none of the defendants can be held liable for the accident.
Given the foregoing discussion, plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, P.J., and JAMES D. SWEENEY, J., CONCUR.