DECISION AND JOURNAL ENTRY
On February 7, 2000, the Medina County Court of Common Pleas entered summary judgment for Bill Phillips, d/b/a Phillips Excavating and Landscaping, Inc. ("Phillips") and overruled summary judgment for Jerome Z. Ginsburg ("Ginsburg"). Ginsburg appeals this judgment. We reverse in part and affirm in part.
 I.
This appeal arises out of a trespass case that has had a long history in the courts beginning in 1987. See Alan v. Burns (Sept. 12, 1990), Medina App. No. 1881, unreported. All claims relating to the original trespass action have been resolved except for cross-claims between defendants Ginsburg and Phillips.
Ginsburg owns 65 acres of land located on the south side of Akron-Medina Road (Ohio State Route 18) directly east of Interstate Route 71. Edwin Haddad ("Haddad") owned 7 acres east of Ginsburg's property. Haddad and Ginsburg planned to commercially develop their land.[1] Mark Burns, d/b/a Mark's Trucking and Excavating ("Burns") performed land grading work on Haddad's land causing a trespass on John and Joan Alan's ("Alans") property. The Alans sued Haddad, Burns and Ginsburg for trespass.
While Alans' trespass lawsuit was pending, Ginsburg contracted with Phillips to perform land-grading work on his land. According to the March 28, 1988 contract, Phillips was to perform work on Ginsburg's land pursuant to a plan prepared by the engineering firm of Bock Clark Inc. ("Bock"). The land-grading work on Ginsburg's property altered existing drainage patterns causing surface water and sediment to spill onto Alans' property. Alan, Medina App. No. 1881, unreported, at 2. The cross-claims at issue arise out of the Ginsburg-Phillips contract and the work performed by Phillips. On July 19, 1999, both parties agreed to submit their cross-claims to the court by filing motions for summary judgment. Ginsburg sought judgment 1) that he was not obligated to pay Phillips because Phillips failed to meet the conditions of the contract requiring him to submit approval of the work performed from the Medina County Engineer and 2) that Phillips owed Ginsburg money pursuant to the indemnification clause of the contract. Phillips sought 1) payment for his work in the amount of $50,730.46 plus interest at the rate of 10% per annum from October 27, 1988 and 2) a declaration that the he was not obligated to indemnify Ginsburg for settlement costs and legal fees.
On February 7, 2000, the trial court found there was no material issue of fact and sustained Phillips' motion for summary judgment and overruled Ginsburg's motion for summary judgment. Ginsburg filed a timely appeal with this court.
 II. Standard of Review
Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589. Appellate review of a lower court's entry of summary judgment is denovo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle
(1991), 75 Ohio App.3d 732, 735.
 III.
Assignment of Error No. 1:
 PHILLIPS' MOTION FOR SUMMARY JUDGMENT SHOULD HAVE BEEN OVERRULED BECAUSE THE UNDISPUTED EVIDENCE ESTABLISHED THAT PHILLIPS HAS NEVER COMPLETED HIS WORK AND HAS NEVER SATISFIED THE CONDITIONS FOR PAYMENT SPECIFIED IN THE CONTRACT.
In his first assignment of error Ginsburg argues that he is not obligated to pay Phillips for the land grading work because Phillips failed to fulfill the requisite conditions of their contract. The contract states:
ARTICLE III:
* * *
 1) The CONRACTOR shall comply fully with Medina County Grading and Drainage Regulations and all erosion control requirements.
 2) Payment will be made to the CONTRACTOR by the OWNERS for work completed, inspected and approved by the Medina County Engineer and Bock Clark, Inc., (but not materials stored on site). OWNERS will retain 8% of payments made to CONTRACTOR until 50% of contract amount is billed. OWNERS will retain 4% of the balance of the billings until all work is accepted and approved by the Medina County Engineer and Bock Clark, Inc., and written notice is provided to OWNERS of acceptance and approval. All retainage shall be released after said final written notice of acceptance and approvals are received. CONTRACTOR may submit invoices to OWNERS for work completed every two (2) weeks and OWNERS will pay for work completed and approved. Payments will be based upon the prices agreed to in the contract documents and percentage of such work completed as determined by the Medina County Engineer and Bock Clark, Inc. * * *
The contract requires that Phillips provide Ginsburg with written notice that Phillips completed the work and that the Medina County Engineer inspected and approved the completed work. Ginsburg's affidavit states that he never received any documentation that the completed work was inspected and approved by the Medina County Engineer.
In support of his motion for summary judgment Phillips provided a letter from Mike Salay, the Assistant Medina County Engineer dated October 31, 1994. The letter states:
 The office of the Medina County engineer did review and approve a stormwater management plan for the Burger King site development as well as the improvement plan for the proposed South Gateway Drive. Construction inspection was performed by personnel under direction of the County Engineer for all roadway excavation, embankment, paving, or storm sewer installations that would be associated with the proposed public road.
 Similar work performed on areas outside of proposed public road right-o-way or easements was only inspected for erosion and sediment control purposes. Work performed in 1988 by your company relative to the proposed South Gateway Drive did meet the requirements of the Medina County Engineer.
 South [Gateway] Drive was not established as a public road since all improvements require by the Ohio Department of Transportation in regard to the intersection of State Route 18 were not completed.
Phillips asserts that this letter fulfills the contract provision requiring written notification of the Medina County Engineer's inspection and approval of all completed work.
The letter stated that the plans for the Burger King site and the South Gateway Drive were reviewed and approved by the Medina County Engineer. There was also a construction inspection regarding aspects of the proposed road, i.e. South Gateway Drive plan. The letter documents the Medina County Engineer's approval of a limited area of work performed by Phillips, work "relative to the proposed South Gateway Drive."
The proposed extension of the South Gateway Drive is located on the west corner of Ginsburg's property. Phillips performed excavation on Ginsburg's land that "created a substantial earthen embankment, from four to seven feet high, along the entire Ginsburg Haddad property border."Alan, (Sept. 12, 1990), Medina App. No. 1881, unreported, at 2. Haddad's property was located directly east of Ginsburg's land. It was Phillips' excavation on the east side of Ginsburg's land that caused partial damage to Alans' property by increasing the amount of surface water directed onto the Alans' property. Id. The letter documents approval of some work performed by Phillips on the west corner of Ginsburg's land "relative to the proposed South Gateway Drive."
We find that a genuine issue of material fact exists in relation to Phillips performance under Article III, section 2 of the contract and therefore Phillips was not entitled to summary judgment. The letter presented by Phillips documents an inspection and approval of at least a portion of the work performed by Phillips; however, this letter alone does not establish that there is no issue of fact regarding the inspection and approval of all work performed by Phillips. Accordingly Ginsburg's first assignment of error is sustained to the extent that Phillips did not meet his Dresher burden and therefore was not entitled to summary judgment on the issue of payment under the contract.
 III.
Assignment of Error No. 2:
 GINSBURG SHOULD HAVE BEEN GRANTED SUMMARY JUDGMENT ON HIS CROSS-CLAIM AGAINST PHILLIPS.
Ginsburg moved the trial court for summary judgment on two grounds: 1) that he was not obligated to pay Phillips the balance of the contract price and 2) that Phillips was obligated to indemnify Ginsburg in the amount of $142,258 plus interest. In this assignment of error Ginsburg argues that the trial court should have awarded summary judgment to him. We affirm the judgment of the trial court overruling Ginsburg's motion for summary judgment.
We begin with the first issue raised in Ginsburg's motion for summary judgment. Ginsburg moved the court for summary judgment based on Phillips failure to fulfill the provision of their contract. Ginsburg supported his motion with an affidavit stating that he never received written documentation of the inspection and approval of Phillips work by the Medina County Engineer.
Ginsburg also supported his motion for summary judgment with two letters from the Medina County Engineer. On June 17, 1988, the Medina County Engineer sent a letter to Bock. The letter stated that the construction on Ginsburg's land created an increase in the runoff of surface water onto adjoining property. The letter required Bock to implement a detention plan to divert the increased runoff. The Medina County Engineer stated that the sediment and erosion control on the same site was also inadequate in that the diversion dykes did not prevent sediment from washing onto adjoining properties. Additionally, the installation of a storm sewer was improper and would "cause severe erosion problems in the future."
Medina County Engineer inspected the Burger King site on July 15, 1988. The parties agreed to a temporary sediment control plan. On July 28, 1988, the Medina County Engineer sent another letter to Bock because the Burger King site did not comply with the county's stormwater rules and regulations. Work on the temporary sediment control plan was not completed to the Medina County Engineer's satisfaction. Furthermore, work on a pipe to carry runoff to an alternative detention and basin had not yet begun.
We find that Ginsburg failed to meet his Dresher burden to show that there is no material issue of fact regarding the documentation of inspection and approval of all work performed by Phillips. Ginsburg presented documentation from the Medina County Engineer's office to demonstrate that Phillips' work could not have been approved. However, Phillips' motion for summary judgment, as discussed previously, also contained documentation from the Medina County engineer's office suggesting that some of the work performed was inspected and approved. We are unable to determine from the evidence presented that none of Phillips' work was inspected and approved by the Medina County Engineer and therefore Ginsburg is not entitled to summary judgment on this issue.
We now turn to the second part of Ginsburg's summary judgment motion regarding the indemnification clause. Indemnity arises from a contract, express or implied, and is a right of a person who has been compelled to pay what another should pay in full to require complete reimbursement.Travelers Indemnity Co. v. Trowbridge (1975), 41 Ohio St.2d 11, paragraph two of the syllabus, overruled on other grounds by Motorists Mut. Ins.Co. v. Huron Rd. Hosp. (1995), 73 Ohio St.3d 391, paragraph one of the syllabus.
Ginsburg argues that his contract with Phillips contained an indemnification clause requiring Phillips to indemnify him for damages that resulted from Phillips' work. Phillips responded by stating that the indemnification clause of the contract violates R.C. 2305.31 and therefore is void.
R.C. 2305.31 prohibits agreements by which the promisor agrees to indemnify the promisee for damages caused by or resulting from the negligence of the promisee. Kemmeter v. McDaniel Backhoe Serv. (2000),89 Ohio St.3d 409, 411. R.C. 2305.31 provides:
 A covenant, promise, agreement, or understanding in, or in connection with or collateral to, a contract or agreement relative to the design, planning, construction, alteration, repair, or maintenance of a building, structure, highway, road, appurtenance, and appliance, including moving, demolition, and excavating connected therewith, pursuant to which contract or agreement the promisee, or its independent contractors, agents or employees has hired the promisor to perform work, purporting to indemnify the promisee, its independent contractors, agents, employees, or indemnites against liability for damages arising out of bodily injury to persons or damage to property initiated or proximately caused by or resulting from the negligence of the promisee, its independent contractors, agents, employees, or indemnites is against public policy and is void.
A contract violates R.C. 2305.31 if the promisor indemnifies the promisee for the promisee's own negligence. Kemmeter, 89 Ohio St.3d at 413, see, also, Kendall v. U.S. Dismantling Co. (1985), 20 Ohio St.3d 61, paragraph one of the syllabus.
In the case sub judice, Article III, section 3 of the Ginsburg-Phillips contract stated: "CONTRACTOR agrees to indemnify an[d] hold harmless owners, their agents, and representatives from any and all liability claims and expenses arising out of this contract * * *." Pursuant to this provision, Phillips, the contractor, agreed to indemnify Ginsburg, the owner. We find the general language providing indemnification for "any and all liability claims and expenses arising out of this contract" clearly encompassed indemnification for Ginsburg's own negligence. This provision is a violation of R.C. 2503.31 to the extent that Phillips is obligated to indemnify Ginsburg for Ginsburg's own negligence.
Therefore, Ginsburg is only entitled to summary judgment on the issue of indemnification if he can show that he is seeking indemnification for Phillips' negligence and not his own negligence. Ginsburg moved the court for summary judgment on the indemnification issue by asserting that Phillips' excavating work created the embankment that altered the drainage patterns on his and the surrounding properties. The altered drainage patterns created the trespass onto Alans' land and Ginsburg was held liable for this trespass. Ginsburg stated in his affidavit that "all such work was performed, directed and supervised by Phillips as an independent contractor, pursuant to the * * * contract." As we previously stated the contract directed Phillips to perform the excavating work pursuant to the Bock plans.
While it is true that Phillips' excavating work created the drainage problem Ginsburg has failed to show that the trespass resulted solely from Phillips' negligence. In other words Ginsburg has not established that he is free from negligence in the underlying trespass action because he hired Bock to prepare plans that may have been negligently designed.
Ginsburg has the burden of showing that there is no genuine issue of material fact regarding Phillips' negligence in the underlying trespass action. We find that Ginsburg failed to meet his Dresher burden to show that he was not negligent in causing the trespass onto Alans' land. Under R.C. 2503.31, Phillips is not obligated to indemnify Ginsburg for Ginsburg's own negligence. Accordingly, Ginsburg is not entitled to summary judgment on the indemnification issue.
The second assignment of error is overruled.
 IV.
We find that Phillips failed to meet his Dresher burden to show that he was entitled to payment for his work in the amount of $50,730.46 plus interest. Accordingly the trial court erred in granting summary judgment to Phillips on the issue of payment under the contract. We also find that Ginsburg was not entitled to summary judgment on the issue of payment under the contract or the indemnification issue.
Thus we reverse the trial court's grant of summary judgment on Phillips' claim for compensation under the contract. We overrule Ginsburg's second assignment of error and affirm the trial court's grant of summary judgment to Phillips on Ginsburg's claim for indemnification.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., SLABY, J., CONCUR.
[1] Ginsburg and Haddad planned to build a Burger King restaurant on the southeast corner of S.R. 18 intersection with a proposed extension of Gateway Drive.