I disagree with the majority's reasoning that the complaint is moot and that joinder was not appropriate under Civ.R. 14. I decline to reach the Civ.R. 14 question because it was not raised by the parties below. As long as the fourth party defendant did not move to strike the fourth party complaint under Civ.R. 14, then the contract claim is not moot and should have been determined by the trial court. I would therefore reach the merits of the appeal and affirm the decision below.
As an employer in compliance with Ohio workers' compensation laws, Appellee is entitled to certain immunities.[2] Under R.C. 4123.74:
 Employers who comply with [R.C. 4123.35] shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, * * * occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.
The statutory and constitutional immunity granted to complying employers is crucial to the workers' compensation system. Kendall v. U.S.Dismantling Co. (1985), 20 Ohio St.3d 61, 65; See, also, Best v.Energized Substation Service (Aug. 17, 1994), Lorain App. No. 93CA005737, unreported, at 9. The legislature specifically granted workers' compensation immunity in exchange for the relinquishment by employers of all their common law defenses to claims resulting from work-related injuries. Id. "As a result, the general rule is that a complying employer's immunity protects that employer from indemnification actions instituted by third parties who may be held liable for an employee's workplace injury." Best at 13, citing Davis v. ConsolidatedRail Corp. (1981), 2 Ohio App.3d 475, 477. Furthermore, "before this immunity may be considered to have been waived [by an indemnification clause], the waiver must be express, and must refer specifically to this particular immunity." Kendall, 20 Ohio St.3d at 65. A general indemnity agreement with a third party which does not specifically express the employer's intent to waive his worker's compensation immunity under R.C.4123.74 is ineffective for that purpose. Id.
This case involves indemnification for defense fees and costs against Lamb's personal injury suit. Therefore, the issue is whether the immunity granted by R.C. 4123.74 extends to legal fees and costs that arise from an employee's injury for which the complying employer is immune from liability. In Best, this Court found that the Supreme Court implicitly recognized that an indemnity agreement for legal fees and costs resulting from work-related injuries is subject to the immunity granted a complying employer in R.C. 4123.74-that is, the immunity granted by R.C. 4123.74
extends to legal fees and costs. Best at 10.
As previously discussed, a complying employer's waiver of worker's compensation immunity must be express and must refer specifically to workers' compensation immunity or to R.C. 4123.74. See Kendall,20 Ohio St.3d at 65; Best at 10-11. The subcontract between Appellant and Appellee, dated August 5, 1997, and signed by both parties, contains the following clauses in the insurance portion of the subcontract:
 3. Notwithstanding the carrying of insurance, Subcontractor agrees to indemnify and hold harmless Contractor and the Owner, their successors and assigns, from all claims liabilities, costs, and expenses whatsoever for injury or damage to any person or property arising out of the performance of this Subcontract, or arising or occurring by reason of the Work or the use thereof or any defect or condition thereof.
 4. Without limiting the generality of the foregoing, Subcontractor hereby releases Contractor and Owner from all claims and liabilities on account of, and does hereby agree to indemnify and hold harmless Contractor, Owner, their successors and assigns, from all claims, liabilities, costs and expenses whatsoever for injury or damage to any person or property arising out of the use by Subcontractor or its employees of any equipment or facilities whether the same be owned or operated by Contractor, Subcontractor or others.
It is clear from the subcontract that the indemnification and hold harmless clauses do not contain a specific reference to, or waiver of, Appellee's workers' compensation immunity. Thus, because the subcontract does not contain the proper waiver, I would find that Appellee is not liable, as a matter of law, to indemnify Appellant for the legal fees and costs incurred in defending Lamb's personal injury claim. Accordingly, I would affirm the trial court's decision based on Appellee's failure to waive its workers' compensation immunity.
[2] The dispute over whether Pennsylvania or Ohio law applies is irrelevant because the pertinent provisions of the workers' compensation laws in Ohio and Pennsylvania are similar. See 77 Pa. Stat. 481(b);Bester v. Essex Crane Rental Corp. (1993), 422 Pa. Super. 178, 619 A.2d 304
(holding that Pennsylvania law requires express and specific waivers of workers' compensation immunity before a third party can receive indemnification); see, also, Shumosky v. Lutheran Welfare Serv. (Pa.Super 2001), 784 A.2d 196. Therefore, this Court will apply Ohio law.