BUCKEYE UNION INSURANCE COMPANY, Appellant,

v.

ZAVARELLA BROTHERS CONSTRUCTION COMPANY et al., Appellees.

[Cite as *Buckeye Union Ins. Co. v. Zavarella Bros. Constr. Co.* (1997), 121 Ohio App.3d 147.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71227.

Decided July 14, 1997.

**148**

*Gallagher, Sharp, Fulton & Norman, Thomas J. Kaiser* and *Shawn M. McGraw*, for appellant.

*Mansour, Gavin, Gerlack & Manos Co., L.P.A.*, and *Bruce G. Rinker; James L. Glowacki*, for appellees.

---

PATTON, Judge.

The primary question in this case is whether an agreement by a construction subcontractor to name its general contractor as an additional insured on the subcontractor's general commercial insurance policy constitutes an indemnity agreement prohibited by R.C. 2305.31. The trial court, having cross-motions for summary judgment before it, answered this question in the affirmative. We hold that the additional insured agreement does not violate public policy, but that the express language of the policy does not afford coverage under the circumstances.

The material facts are undisputed. Snavely Company, Inc., a general contractor on an apartment construction job, subcontracted various portions of the work to Zavarella Brothers Construction Company. In paragraph 15 of the contract, the parties agreed as follows:

"Subcontractor shall submit a Certificate of Insurance and Workmen's Compensation on this project. The insurance minimum limits required are $1,000,000 combined single limit (bodily injury and property damage) with respect to comprehensive general liability and automobile liability. Snavely Company, Inc.

shall be named as an additional insured on the policy or policies. This shall cover the use of all equipment, hoists, and vehicles on the site or sites."

In paragraph 20 of the subcontracting contract, Zavarella agreed to "indemnify and save the general contractor harmless from any claim, legal action, damages, liabilities and expenses in connection with the loss of life, bodily injury or personal injury, or property damage arising from any omission, act, or activity by the subcontractor in accordance with the performance required under the terms of the contract between the general contractor and the subcontractor as of the date of this contract."

Zavarella submitted a certificate demonstrating that it purchased the insurance and named Snavely as an additional insured.

While on the job, one of Zavarella's employees suffered severe injuries in a fall. The employee first collected benefits from the Workers' Compensation Fund, and then brought an intentional tort action against Zavarella. The court directed a verdict in favor of Zavarella.

The employee then brought an action against Snavely, setting forth causes of action sounding in negligence. Pursuant to the above-quoted subcontracting agreement, Snavely requested that Zavarella's insurance company, appellee American Economy Insurance Company ("American"), provide a defense. After receiving several refusals to defend, Snavely's own insurer, appellant Buckeye Union Insurance Company ("Buckeye"), defended the matter. Buckeye ultimately settled with the employee for $725,000.

Buckeye then commenced this action against American, seeking indemnity for the amount of the settlement and $21,000 in legal fees it expended. American defended the indemnity action by arguing that Zavarella's agreement to name Snavely as an additional insured on the American policy constituted an indemnity agreement that was void as being against the public policy set forth in R.C. 2305.31.

The trial court agreed with American and, citing both R.C. 2305.31 and *Kendall v. U.S. Dismantling Co.* (1985), 20 Ohio St.3d 61, 20 OBR 360, 485 N.E.2d 1047, held that indemnity agreements in which the promisor agrees to indemnify the promisee for the promisee's negligence are against public policy.

Since both parties agree that there are no issues of material fact, we examine the subcontracting agreement and insurance policy as a matter of law. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph one of the syllabus.

R.C. 2305.31 states:

"A[n] * * * agreement * * * in, or in connection with or collateral to, a contract or agreement relative to the * * * construction, alteration, repair, or maintenance of a building, * * * pursuant to which contract or agreement the promisee * * * has hired the promisor to perform work, purporting to indemnify the promisee * * * against liability for damages arising out of bodily injury to persons or damage to property initiated or proximately caused by or resulting from the negligence of the promisee * * * is against public policy and void. Nothing in this section shall prohibit any person from purchasing insurance from an insurance company authorized to do business in the state of Ohio for his own protection or from purchasing a construction bond."

In *Kendall, supra*, 20 Ohio St.3d 61, 20 OBR 360, 485 N.E.2d 1047, paragraph one of the syllabus states:

"R.C. 2305.31 prohibits indemnity agreements, in the construction-related contracts described therein, whereby the promisor agrees to indemnify the promisee for damages caused by or resulting from the negligence of the promisee, regardless of whether such negligence is sole or concurrent."

Buckeye argues that it is not seeking indemnification under the insurance policy, but is simply trying to enforce its rights as an additional insured under the policy. In support of this argument it cites *Brzeczek v. Standard Oil Co.* (1982), 4 Ohio App.3d 209, 4 OBR 313, 447 N.E.2d 760, in which the court held that a contractual provision requiring a party to add another as an additional insured did not violate R.C. 2305.31.

American argues that the additional-insured clause is nothing more than an indemnity clause. It maintains that the employee no longer has any legal recourse against Zavarella (having exhausted both a workers' compensation claim and an intentional tort claim) so any other possible liability would only be against Snavely for Snavely's own liability. American contends that forcing it to reimburse Snavely would be tantamount to indemnification. American distinguishes *Brzeczek* on grounds that there were unresolved ambiguities concerning the proximate cause of Brzeczek's injuries; in other words, fault had not been established, so the indemnity provision might not have applied.

In *Brzeczek*, Standard Oil hired Tulsa Tank Cleaning Company to remove sludge from tanks or vessels located on Standard Oil property. Their agreement provided that Tulsa Tank would name Standard Oil as an additional insured and that Tulsa Tank would indemnify Standard Oil for any liability in connection with its work, unless the liability was initiated or resulted from Standard Oil's negligence. When a Tulsa Tank employee sustained injuries, he sued Standard Oil. Tulsa Tank refused Standard Oil's request to defend the matter. Standard Oil then commenced a third party action naming Tulsa Tank and its insurer as

third-party defendants, claiming that they breached both the indemnity and insurance provisions of their contract.

The trial court granted summary judgment in Tulsa Tank's favor, finding that the last sentence of R.C. 2305.31 permits the purchase of insurance only for one's benefit, and the purchase of insurance for another's protection would contravene the purpose of R.C. 2305.31. The court of appeals reversed, finding that applying R.C. 2305.31 to contracts whereby another was named as an additional insured would preclude the naming of more than one insured per insurance policy, and that was not the intent of the General Assembly. The court of appeals noted that it was common practice to name several parties as insureds under the same policy.

*Brzeczek* stands for the proposition that indemnity clauses and agreements to add another party as an additional insured are two different things. The contract between Snavely and Zavarella demonstrates this point. The two companies specifically incorporated into the subcontracting agreement separate clauses that Zavarella would (1) indemnify Snavely and (2) list it as an additional insured. Were this simply an indemnification clause, there would have been no need for Zavarella to list Snavely as an additional insured.

■  The difficulty with Buckeye's argument, however, is that the additional-insured clause does not serve its intended purpose. An endorsement to the additional-insured clause of the American policy states that "WHO IS INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule [Snavely Company, Inc.], *but only with respect to liability arising out of 'your work' for that insured or by you.*" (Emphasis added.) In the context of this endorsement, the word "you" refers to Zavarella.

■  We find, as a matter of law, that the additional-insured clause of the policy could only cover Snavely for liability arising from Zavarella's work for Snavely. If we were to read the additional-insured clause as permitting Snavely to be insured against its own negligence, it would run counter to the public policy set forth in R.C. 2305.31. When interpreting contracts, we prefer the meaning that gives the contract vitality, rather than the meaning that renders performance illegal or impossible. *McCabe/Marra Co. v. Dover* (1995), 100 Ohio App.3d 139, 155, 652 N.E.2d 236, 246. Our interpretation is the only one suggested that would give vitality to the language of the additional-insured endorsement.

We have no doubt that the additional-insured language of the policy permits no recovery for Snavely. The employee filed causes of action against Snavely seeking damages for Snavely's negligence. Certainly, the employee's causes of action against Snavely did not relate to any negligence by Zavarella, By seeking recovery under the workers' compensation law, the employee waived recovery for

Zavarella's negligence. *See Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 614, 23 O.O.3d 504, 508, 433 N.E.2d 572, 576–577. Those claims had been exhausted prior to the Snavely action when the employee collected workers' compensation benefits. Consequently, the additional-insured provisions of the American policy could not, as a matter of law, apply to Snavely.

Buckeye argued in its motion for summary judgment that if the court were to find that Zavarella failed to provide Snavely with status as an additional insured, it should find a breach of the subcontracting agreement and enter judgment regardless. Snavely doubtless thought that the additional-insured language would do indirectly what R.C. 2305.31 directly prohibits. Although we find that the additional-insured provision of the policy does not provide the type of coverage Snavely intended, this failure does not void the provisions of the subcontracting agreement that required Zavarella to name Snavely as an additional insured. Snavely received what it asked for, although it may not have received what it wanted. Accordingly, we find that the trial court did not err by granting summary judgment to American. The assigned error is overruled.[1]

*Judgment affirmed.*

JAMES D. SWEENEY, C.J., and PATRICIA ANN BLACKMON, J., concur.

---

[1]. As an alternative ground for summary judgment, Buckeye argued that American breached its duty to defend. It did not separately set forth this issue as a separate argument in its merit brief, so we consider that issue waived on appeal. *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159, 519 N.E.2d 390, 392–393.