JOURNAL ENTRY AND OPINION
The appellant, Liberty Mutual Insurance Group (Liberty), appeals from the judgment of the Cuyahoga County Court of Common Pleas in which the court denied declaratory relief to Liberty holding that R.C. 2305.31 does not permit enforcement of insurance coverage purchased by the construction subcontractor for the protection of the construction manager's negligence.
In June of 1992, Turner Construction Company (Turner) contracted with the Board of Trustees of the Cleveland Public Library to act as construction manager for the library renovation project. As construction manager, Turner did not subcontract the various prime contractors on the project; instead, the prime contractors contracted directly with the Library Trustees while Turner managed their performance on the project.
In August of 1994, Donley's Incorporated (Donley's), a prime contractor, entered into a contract with the Library Trustees to install, maintain and operate a hoist at the job site. Pursuant to the agreement between Donley's and the Library Trustees, Turner was entitled to the performance of Donley's obligations, which were intended for its benefit. Even though Donley's was not a subcontractor of Turner, Donley's was bound to perform its contractual duties for Turner as construction manager.
Additionally, pursuant to the contract between Donley's and the Library Trustees, Donley's was required to deliver a Certificate of Insurance to Turner showing that Donley's maintained commercial general liability insurance of certain minimum limits, and to name Turner as an additional insured on that policy for the duration of the library renovation project.[1]
In March of 1996, Robert J. Vargo (Vargo), an employee of Burkshire Construction Company, a subcontractor of Donley's, was injured while operating the hoist at the construction site. Vargo filed a personal injury claim against both Donley's and Turner for the injuries he suffered. Turner requested that Donley's tender the defense of Turner to Travelers, Donley's insurer. Turner also notified the insurance carrier who provided commercial general liability coverage. Both Donley's and Travelers refused to defend Turner and indemnify him for the Vargo claims.
Liberty, Turner's insurer, defended Turner, pursuant to its insurance policy, and eventually entered into a settlement agreement with Vargo. As a result of the settlement, Liberty became subrogated up to that amount to any rights which Turner possessed against Travelers under the policy for insurance.
Liberty presents two assignments of error for this court's review. Having a common basis in both law and fact, they will be addressed contemporaneously.
I. The trial court erred in denying declaratory relief to the appellant holding that R.C. 2305.31 and Buckeye Union v. Zavarella (1997),121 Ohio App.3d 147, do not permit enforcement of insurance coverage purchased by the appellee construction subcontractor for the protection of the construction manager's negligence.
II. The trial court erred in denying coverage under appellee's additional insured endorsement issued to appellant's subrogor where the worker's personal injury `arose out of' the operation of appellee's insured.
For the following reasons, the appellant's appeal is not well taken.
Essentially, the appellant argues that, in the context of a construction project, an insurance provision that includes coverage for the promisee's agent's negligence is enforceable since it is not an indemnity contract under R.C. 2305.31.
R.C. 2305.31 states:
 A covenant, promise, agreement, or understanding in, or in connection with or collateral to, a contract or agreement relative to the design, planning, construction, alteration, repair, or maintenance of a building, structure, highway, road, appurtenance, and appliance, including moving, demolition, and excavating connected therewith, pursuant to which contract or agreement the promisee, or its independent contractors, agents or employees has hired the promisor to perform work, purporting to indemnify the promisee, its independent contractors, agents, employees, or indemnities against liability for damages arising out of bodily injury to persons or damage to property initiated or proximately caused by or resulting from the negligence of the promisee, its independent contractors, agents, employees, or indemnities is against public policy and is void. Nothing in this section shall prohibit any person from purchasing insurance from an insurance company authorized to do business in the state of Ohio for his own protection or from purchasing a construction bond. (Emphasis added).
In Kendall v. U.S. Dismantling Co. (1985), 20 Ohio St.3d 61, paragraph one of the syllabus states:
 R.C. 2305.31 prohibits indemnity agreements, in construction-related contracts described therein, whereby the promisor agrees to indemnify the promisee for damages caused by or resulting from the negligence of the promisee, regardless whether such negligence is sole or concurrent.
This court, in Buckeye Union Insurance Co. v. Zavarella Brothers Construction Co. (1997), 121 Ohio App.3d 147, addressed a factually similar issue. In Zavarella, the appellant, Buckeye, argued that it was not seeking indemnification under the insurance policy, but was simply trying to enforce its rights as an additional insured under the policy. In support of this argument, the appellant cited Brzeczak v. Standard Oil Co. (1982), 4 Ohio App.3d 209, in which the court held that a contractual provision requiring a party to add another as an additional insured did not violate R.C. 2305.31. In Zavarella, this court distinguished Brzeczak in stating that Brzeczak stands for the proposition that indemnity clauses and agreements to add another party as an additional insured are two different things. However, an additional insurance clause which would for all intents and purposes cover the additional insured for his own negligence would run counter to the public policy set forth in R.C.2305.31.
In Zavarella, the additional insured clause of the policy states, WHO IS INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of `your work' for that insured or by you. In the context of this endorsement, the word you refers to Zavarella. In interpreting the endorsement, this court stated that to read the additional insured clause as permitting the additional insured to be insured against its own negligence would circumvent the intent of R.C. 2305.31.
Similar to Zavarella, the additional insured clause in the case at hand contains the following language, WHO IS INSURED (Section II) is amended to include any person or organization you are required by written contract to include as an insured, but only with respect to liability arising out of `your work'. This coverage does not include liability arising out of the independent acts or omissions of such person or organization.
This Blanket Additional Insured endorsement states that it does not include liability arising out of the independent acts or omissions of such person or organization, the organization, being Turner in this instance. As such, the clear wording of the endorsement does not provide coverage for Turner's own negligence, but rather only for liability arising out of Donley's operations.[2] The terms of the Blanket Additional Insured endorsement provide coverage to Turner only for Turner's passive, secondary and vicarious liability to the primary liability of Donley's. See. Buckeye Union v. Zavarella,121 Ohio App.3d 147.
A clear reading of the additional insured endorsement obtained by Donley's through Travelers was not insurance coverage obtained to protect Donley's actions, as R.C. 2305.31 would permit, but rather, the endorsement was purchased by Donley's, the promisor, for the protection of Turner, the promisee, for Turner's own negligence; therefore, it is in direct conflict with what R.C. 2305.31 prohibits.
Additionally, the appellant erroneously relies on Stickovich v. City of Cleveland (2001), 143 Ohio App.3d 13, in support of its position. First, it is noted that Stickovich was decided on the narrow issue of waiver as the contractor never raised the issue of the application of R.C. 2305.31. Secondly, in Stickovich, the political subdivision was seeking additional insured status pursuant to the requirements of R.C. 2744.08(A)(1), while in the instant matter, neither Liberty nor Turner are political subdivisions. Last, the political subdivision had not been actively involved in the conduct leading to the injury claim, while Turner was sued for its direct and active involvement in causing the underlying injuries. Moreover, quoting Judge Michael J. Corrigan, dissenting, in Stickovich:
 The holding of the majority opinion is very narrow: Commercial Union waived the right to assert the affirmative defense of illegality because it did not raise the defense in its answer to the city's third-party complaint.
* * *
 I also disagree with all the majority opinion beyond the section entitled Waiver. I am compelled to point out that the majority's discussion is dicta in its purest form, being wholly unnecessary to the very narrow point of law the waiver issue that forms the basis of the majority's resolution of the case.
This court is inclined to agree with Judge Corrigan. The extraneous discussion of issues outside the narrow point of law the waiver issue was wholly unnecessary and had no bearing on reaching the ultimate conclusion. As such, we find no reason to stray from the established precedent set forth in Zavarella, Waddell, and Davis; as Stickovich was decided on the narrow issue of waiver, it has no bearing on our decision herein.
Simply, R.C. 2305.31 does expressly allow a person to purchase insurance from an insurance company for his/her own protection, but the statute does not allow for the purchase of insurance by one for another's own negligence. The statute does not provide for the promisor to obtain coverage for the protection of the promisee against the promisee's own negligent conduct. To rule in favor of the appellant's position would circumvent established precedent and the clear reading of R.C. 2305.31.
Therefore, in light of this court's previous holding in Zavarella, and in accordance with R.C. 2305.31, the decision of the lower court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND JAMES J. SWEENEY, J., CONCUR.
[1] Donley's complied with these insurance requirements delivering a policy drawn from Aetna Casualty Surety Company of Illinois. Aetna was later purchased by the appellee, Travelers Property Casualty Company (Travelers).
[2] The additional insured endorsement urged by Liberty and captioned Additional Insured — Owners, Lessees or Contractors (Form B) does not apply by virtue of the parole evidence rule and the specific Travelers/Aetna policy language.