OPINION
{¶ 1} Danis Building Construction Company is appealing from the decision of the Montgomery County Common Pleas Court denying coverage for a certain accident from the defendants in a declaratory judgment action brought by the plaintiff. The plaintiff-appellant sets forth the following three assignments of error:
 {¶ 2} "1. THE TRIAL COURT ERRED IN DETERMINING THAT DANIS BUILDING CONSTRUCTION COMPANY WAS NOT ENTITLED TO INDEMNITY UNDER INSURANCE POLICIES ISSUED BY EMPLOYERS FIRE INSURANCE COMPANY AND COMMERCIAL UNION INSURANCE COMPANY.
 {¶ 3} "2. THE TRIAL COURT ERRED IN DETERMINING THAT DANIS BUILDING CONSTRUCTION COMPANY WAS NOT ENTITLED TO A DEFENSE UNDER INSURANCE POLICIES ISSUED BY EMPLOYERS FIRE INSURANCE COMPANY AND COMMERCIAL UNION INSURANCE COMPANY.
 {¶ 4} "3. THE TRIAL COURT ERRED BY FAILING TO DETERMINE THE PRIORITY OF THE AVAILABLE POLICIES OF INSURANCE."
 {¶ 5} The facts of the matter and the reasoning of the trial court are set forth concisely but in full in its decision and entry, as follows:
 {¶ 6} "I. FACTS
 {¶ 7} "This case arises out of an accident that occurred at a construction project for Cedarville College on March 28, 1998 in which Robert Moody was injured while working for Mitre Masonry, Inc. Plaintiff Danis was the general contractor and Mitre Masonry was a subcontractor for the construction project. Mr. Moody fell from a scaffold when he was hit by a mortar pan attached to a crane operated by an employee of Danis, Dave King. Defendants Employers' Fire Insurance Company (EFIC) and Commercial Union Insurance Company (CUIC) were the liability insurers for Mitre Masonry.
 {¶ 8} "As a part of the contract between Danis and Mitre, Mitre was obligated to add Danis as an additional insured on both the liability policy issued by EFIC and the umbrella policy issued by CUIC. Danis' coverage on the policy was limited to liability arising out of work performed for Danis by Mitre. Specifically, the policy included as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of ongoing operations performed for that insured.
 {¶ 9} "Mr. Moody filed suit against Danis and the crane operator Dave King, case no. 96 CV 4749, for the injuries sustained as a result of the fall. As part of the proceedings, Danis filed a third party complaint against EFIC, CUIC and Mitre Masonry alleging insurance coverage for Mr. Moody's claim. Danis' claim rested on the allegation that its employee, Dave King, was actually working for Mitre at the time of the accident and therefore the aforementioned insurance policy covered Mr. Moody's injury. The claims of Robert Moody as well as the third party complaint against Mitre Masonry were settled prior to trial. At the same time, a declaratory action had been filed in the U.S. District Court for the Southern District of Ohio but was ultimately dismissed for want of jurisdiction.
 {¶ 10} "II. LEGAL ANALYSIS
 {¶ 11} "The subcontract between Danis and Mitre Masonry related to an agreement relevant to the construction of a building and was subject to the Ohio Revised Code § 2305.31 at the time of the injury to Robert Moody. Pursuant to legislative enactment and established case law, the Additional Insured Owners, Lessees or Contractors Endorsement can only provide liability coverage to Danis under the circumstances of this case for the vicarious liability of Mitre Masonry.
 {¶ 12} "Robert Moody's claim for recovery in his suit was limited to his claims against Danis and Dave King. Therefore, the public policy of Ohio prohibits coverage to Danis and Dave King for the claims which were asserted by Mr. Moody in his action, Case No. 96 CV 4749. See O.R.C. § 2305.31.
 {¶ 13} "The Additional Insured provisions of the umbrella policy provide coverage to Danis and Mr. King only for the vicarious liability of Mitre Masonry. O.R.C. § 2305.31. The language of the umbrella policy defining `WHO IS AN INSURED' is governed by existing and valid statutory provisions which form a part of all contracts of insurance as if such provisions were fully written into them.
 {¶ 14} "The allegation of contributory negligence on the part of Robert Moody contained in the Answer of Danis and Mr. King to Moody's Complaint does not imply any negligence on the part of Mitre Masonry. Moreover, an allegation of contributory negligence against an injured employee does not imply direct negligence on the part of an employer such that coverage contained in the primary policy under the Additional Insured Endorsement is triggered. Further, an allegation of contributory negligence on the part of Robert Moody does not imply any direct negligence on the part of Mitre Masonry such that coverage under the umbrella policy section `WHO IS AN INSURED' is triggered.
 {¶ 15} "The Addendum to the subcontract providing for indemnification provides that the indemnification provision does not negate, abridge or reduce any rights or obligations of Mitre Masonry with respect to indemnity. O.R.C. § 2305.31 prohibits indemnity agreements in construction-related contracts where the promisor, Mitre Masonry, agrees to indemnify the promisee, Danis, for damages by or resulting from the negligence of the promisee, Danis. The statute does not differentiate between sole or concurrent negligence.
 {¶ 16} "Therefore, neither the liability policy issued by EFIC nor the umbrella policy issued by CUIC provided liability coverage for Danis with respect to Mr. Moody's negligence suit. Likewise, neither EFIC nor CUIC had a duty to provide defense nor indemnification for Danis with respect to Mr. Moody's suit.
 {¶ 17} "III. CONCLUSION
 {¶ 18} "Accordingly, final judgment is hereby granted in favor of Defendants EFIC and CUIC, and the Court declares that neither Danis nor Dave King were entitled to defense and indemnity coverage with respect to the suit of Robert Moody."
 {¶ 19} As the trial court noted, this matter was first presented to the Federal District Court in a declaratory judgment action filed, in that case, by the insurance companies against Danis (the plaintiff in the current action before us). The district court's decision was entered by Magistrate Judge Michael R. Merz in the following entry:
 {¶ 20} "Plaintiffs Employers Fire Insurance Company (`EFIC') and Commercial Union Insurance Company (`CUIC') brought this action for declaratory judgment against Defendants Danis Building Construction Company (`Danis'), Danis Industries Corporation, Dave King, Robert Moody, and American Contractors Insurance Co. (`ACIC'). Danis has demanded that EFIC and CUIC defend and indemnify it and Mr. King in an action brought by Mr. Moody against them in the Montgomery County Common Pleas Court (the `state court action'). EFIC and CUIC seek a declaration that they are not obligated to provide that defense and indemnity. Although they filed no formal counterclaim, Danis, King, and ACIC seek declaratory relief which is the converse of that sought by Plaintiffs and the Final Pretrial Order (doc. #29) frames the issues in a way to permit relief to either side.
 {¶ 21} "The parties unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 63(c) (Doc. #14) and District Judge Dlott's General Order of Reference permits the Magistrate Judge at Dayton to exercise that jurisdiction in referred cases without further order of reference.
 {¶ 22} "The Court has jurisdiction of this case under28 U.S.C. § 1332 based on the diverse citizenship of the parties and the fact that the amount in controversy exceeds $75,000. In such a case, Ohio law provides the substantive rules of decision. 28 U.S.C. § 1738;Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.2d 1188
(1938).
 {¶ 23} "After discovery, the parties agreed to submit this case for decision on stipulated facts, the results of discovery, and briefs. The Court's findings of fact and conclusions of law as required by Fed.R.Civ.P. 52 are embodied in the following decision.
 {¶ 24} "Danis was the general contractor on a project at Cedarville College. Mitre Masonry, Inc., subcontracted with Danis to do the masonry work on the project. Dave King was a crane operator employed by Danis to operate its heavy equipment on the project, including a crane. Mitre had no crane or operator on the job site, but required the use of a crane for, among other things, lifting mortar in pans to the height on its scaffolding where the mortar was needed by Mitre employees. To perform that hoisting, Mitre used Mr. King and Danis' crane. Mitre's employees provided on-the-scene instructions to Mr. King about when to lift the mortar pan and where it should be placed, in other words, immediate instruction about how to perform his job for Mitre. In performing this work for Mitre, Mr. King did not become Mitre's employee; he remained subject to overall direction by Danis' project superintendent and ultimately by Danis' project manager. Nevertheless, at the time he was performing work for Mitre, he was under the immediate direction of its employees. Apparently Danis did not make a formal `back charge' to Mitre for this crane work, but instead `traded' it for work Mitre would do on the project above and beyond the scope of its subcontract.
 {¶ 25} "On March 28, 1996, Mr. King was performing work for Mitre in lifting a pan of mortar. A mishap occurred as the result of which Mr. Moody fell from the scaffolding to a roof some forty feet below and sustained a serious spinal cord injury. Causation and liability for the fall and injury are the subject of the state court action in which Mr. Moody has sued Danis and Mr. King, but not his employer. Danis has defended on a theory, among other things, that Mr. Moody's own negligence contributed to the fall. It has also impleaded Mitre on a claim that Mr. Moody's injuries are the result of intentional workplace tort.
 {¶ 26} "EFIC has issued a comprehensive business policy of insurance (Contract No. FIR471552), including liability coverages, to Mitre Masonry. CUIC has issued an umbrella policy (Contract No. CIDZ42251) to Mitre which also includes liability coverages. Both of these policies were originally issued to Mitre for its own protection. However, Mitre's subcontract with Danis for the Cedarville College project required Mitre to have Danis named as an additional insured on both of these policies, which it did. EFIC and CUIC charged Mitre no additional premium for adding Danis. Danis' coverage on the primary (EFIC) policy is limited to liability arising out of the ongoing operations of Mitre performed for Danis. By virtue of the addition of Danis, Mr. King is also an additional insured on each of the policies. No provision in either policy limits Danis' coverage to vicarious liability for the acts of Mitre.
 {¶ 27} "Mr. Moody's injuries arose out of Mitre's ongoing operations performed for Danis and also out of its use of certain facilities it constructed to perform those operations, to wit, the scaffolding.
 {¶ 28} "Neither EFIC nor CUIC nor the Charles Bilz Insurance Agency, which issued the Certificate of Insurance certifying that Danis had been added as a named insured advised Danis that it would not be covered in the event of a claim.
 {¶ 29} "Plaintiffs' principal argument against coverage is derives [sic] from Ohio Revised Code § 2305.31 which provides:
 {¶ 30} "A covenant, promise, agreement or understanding in, or in connection or collateral to, a contract or agreement relative to the design, planning, construction, alteration, repair, or maintenance of a building, structure, highway, road, appurtenance, and appliance, including moving, demolition, and excavating connected therewith, pursuant to which contract the promisee, or its independent contractors, agents, or employees has hired the promisor to perform work, purporting to indemnify the promisee, its independent contractors, agents, employees or indemnities against liability for damage arising out of bodily injury to persons or damage to property initiated or proximately caused by or resulting from the negligence of the promisee, its independent contractors, agents, employees or indemnities is against public policy and is void. Nothing in this section shall prohibit any person from purchasing insurance from an insurance company authorized to do business in the State of Ohio for his own protection or from purchasing a construction bond.
 {¶ 31} "Plaintiffs rely on the interpretation of this statute inBuckeye Union Ins. Co. v. Zavarella Bros. Const. Co., 121 Ohio App.3d 147,699 N.E.2d 127 (Cuyahoga County, 1997), to avoid coverage. The facts of that case are clearly distinguishable, however. There the general contractor sought coverage for jobsite activities at most peripherally connected to the subcontractor's work. Here the work being performed by Danis' employee with Danis equipment was an essential part of the Mitre Masonry subcontract. The situation presented by this case comes precisely within an exception or distinction recognized by the Court of Appeals for Cuyahoga County. That court recognized the difference between an indemnity clause and an additional insured clause and noted that under the latter coverage would be available only with respect to liability arising out of the subcontractor's work. But that is precisely what we have here: if Danis is liable at all, it is with respect to what it did in assisting Mitre at Mitre's request in performing Mitre's subcontract. As additional insureds, Danis and King come within the insurance exception in Ohio Revised Code § 2305.31 recognized in Brzecek v.Standard Oil Co., 4 Ohio App.3d 209, 447 N.E.2d 760 (Lucas County, 1982). In that decision, the court adopted the following language from the Court of Appeals of New York:
 {¶ 32} ". . . A distinction must be drawn between contractual provisions which seek to exempt a party from liability to persons who have been injured or whose property has been damaged and contractual provisions, such as those involved in this suit, which in effect simply require one of the parties to the contract to provide insurance for all the parties.
 {¶ 33} "4 Ohio App.3d at 212, quoting Bd. of Edn. v. ValdenAssociates, Inc., 46 N.Y.2d 653, 416 N.Y.S.2d 202, 389 N.E.2d 798
(1979). The Ohio Statute in question embodies the same public policy as the New York statute in suit there. Nothing in this interpretation undermines the Ohio public policy. Indeed to the extent the policy seeks to provide that there will be compensation for injured construction workers, this interpretation furthers that policy.
 {¶ 34} "The parties also dispute the order in which the insurance companies are required to respond to this loss. The Court interprets the contracts of insurance to provide that the EFIC policy is primary, the CUIC policy by its terms provides excess insurance to the EFIC policy, and the ACIC policy comes last by virtue of its provision that it provides insurance in excess of coverages provided to Danis in accordance with a contract or agreement, as the EFIC and CUIC coverages were.
 {¶ 35} "Accordingly, the Court hereby declares that:
 {¶ 36} "1. Danis and Mr. King are entitled to defense and indemnity by EFIC and CUIC pursuant to policies FIR472552 and CIDZ42251 in the lawsuit brought by Mr. Moody against Danis and Mr. King in the Montgomery County Common Pleas Court (Case No. 97-4649).
 {¶ 37} "2. Any obligation of ACIC to indemnify Danis or Mr. King for any liability arising out of Mr. Moody's injuries is excess to that of EFIC and CUIC.
 {¶ 38} "The Clerk will enter final judgment accordingly.
 {¶ 39} "Pursuant to Fed.R.Civ.P. 54, Defendants' Application for fees and costs must be filed not later than fourteen days from the date of judgment. (Footnotes omitted)."
 {¶ 40} That decision was subsequently reversed by the Sixth Circuit Court of Appeals, but only on the grounds that the trial court engaged in "gratuitous interference" in permitting the federal judgment action to proceed when the same questions were pending in State of Ohio courts. However, we find upon review of the Federal District Court decision that it is well-reasoned and persuasive on the issue of coverage before us. We adopt the reasoning of Magistrate Judge Michael R. Merz as to the priority of coverage. The assignments of error are, therefore, sustained, and the judgment is reversed, and the case remanded for further proceedings consistent with this opinion.
WOLFF, P.J. and BROGAN, J., concur.